UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **TINA MALONE** § | | CIVIL ACTION NO. _____ |
| *Plaintiff* § | | |
| **vs.** § | | JURY DEMANDED |
| § | | |
| **GOOD SAMARITAN RESCUE** § | | |
| **MISSION** § | | |
| *Defendant* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. SUMMARY

1. Tina Malone ("Plaintiff") brings this action against Good Samaritan Rescue Mission ("Defendant") for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.*

### II. THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a former employee of Defendant who resides in the Southern District of Texas.

3. Defendant does business in the Southern District of Texas, Corpus Christi Division. Defendant can be served through its Principal Officer, Carole Murphrey at 210 S. Alameda St., Corpus Christi, Texas 78401.

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) or (c) and because Defendant does business in Nueces County, Texas which is in the Southern District of Texas- Corpus Christi Division.

### III. THE FACTS

6.     Defendant operates a rescue shelter at 210 South Alameda St., Corpus Christi, Texas.

7.     Plaintiff was an employee individually covered under the FLSA whose work affected interstate commerce while employed for Defendant. In this connection, Plaintiff routinely and regularly, and as part of her employment duties with Defendant, engaged in electronic interstate communications and transactions, including but not limited to interstate credit card transactions, by ordering and purchasing for Defendant's business food items, supplies and materials from out-of-state suppliers and from across state lines by using a computer and mobile cell phone applications "apps". Furthermore, Plaintiff's employment duties routinely included but were not limited to cooking for, cleaning and otherwise providing services for Defendant's clients and customers that traveled across state and international lines by using *and* working with instruments and goods that were transported and moved in interstate commerce. Additionally, Plaintiff performed said employment duties above for Defendant's in-state clients and customers who pay money for Defendant's goods and services such as beds and bedding and for Defendant's employees *and* for Defendant's clients and customers who are part of Defendant's "Good Sam's Labor Force" day labor workforce program who are engaged in interstate commerce for profit. Per Defendant's website, "Good Sam's Labor Force" is "a day labor program of Good Samaritan Rescue Mission in Corpus Christi, Texas providing temporary employment for both men and women. See, http://goodsamcc.org/cgi-bin/p/awtp-custom.cgi?d=good-samaritan-rescue-mission&page=20284

8.     Plaintiff was employed by Defendant within three (3) years from the date of the filing of this Complaint.

9.     Plaintiff was paid on an hourly basis at a rate of approximately $13.75.

10.    Plaintiff regularly worked in excess of forty (40) hours per week generally working

approximately one hundred (100) to one hundred and thirty (130) hours per week or more.

11. During her employment with Defendant, Plaintiff worked numerous extensive hours and performed her employment duties for which she was not paid the appropriate and legally required overtime wages under the FLSA. Said duties were for the benefit of the Defendant and Plaintiff was required to perform these duties.

12. Defendant did not pay Plaintiff overtime wages for the hours she worked in excess of forty (40) in a workweek although it is legally required to do so under the FLSA.

13. Plaintiff is not legally exempt from receiving overtime wages under the FLSA or any United States Department of Labor regulation and no overtime exemption is applicable in this lawsuit.

## IV.    CAUSE OF ACTION

14. Plaintiff incorporates the preceding paragraphs by reference. Defendant did not pay Plaintiff the legally required overtime wages for all hours worked in excess of forty (40) in a workweek. In this regard, Defendant acted willfully or with reckless disregard as to whether its pay practices, scheme or policy complied with the FLSA.

15. The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. The Defendant has failed to do so.

16. Defendant's willful failure to pay Plaintiff overtime wages for the weeks in which she worked in excess of forty (40) hours violated the FLSA.

17. Defendant is liable to Plaintiff for unpaid overtime wages.

18. Defendant is liable to Plaintiff for an equal amount of her unpaid overtime wages as liquidated damages.

19.     Plaintiff is also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

## V.     JURY DEMAND

20.     Plaintiff demands a trial by jury.

## VI.    PRAYER

Plaintiff respectfully requests judgments jointly and severally against Defendant in her favor awarding:

21.     Unpaid overtime wages for each hour worked in excess of forty (40) in a workweek;

22.     An equal amount as liquidated damages;

23.     Reasonable attorney's fees, costs and litigation expenses;

24.     Post judgment interest at the highest rate allowed by law; and

25.     Such other and further relief as may be permitted or required by law.

                                                      Respectfully submitted,

                                                      By:  /s/ Clark Woodson III
                                                           CLARK WOODSON III
                                                           601 East Myrtle
                                                           Angleton, Texas 77515
                                                           (979) 849-6080
                                                           (832) 202-2809
                                                           clark@woodsonlaborlaw.com
                                                           State Bar No. 00794880
                                                           S.D. Tex. No. 21481
                                                           **Attorney for Plaintiff**